UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 17-cv-80949-Middlebrooks/Brannon

WILLIAM FOX, individually and
on behalf of all others similarly situated,

       Plaintiff,

v.

FIRST DATA MERCHANT SERVICES, LLC,

       Defendant.

_____/

## DEFENDANT'S PARTIAL MOTION TO DISMISS AMENDED COMPLAINT AND INCORPORATED MEMORANDUM OF LAW

Defendant First Data Merchant Services, LLC moves this Court, under Federal Rule of Civil Procedure 12(b)(6), to dismiss Count I of the Amended Complaint (DE 19) with prejudice.

## MEMORANDUM OF LAW

## BACKGROUND[1]

First Data is engaged in the business of processing credit and debit card transactions for merchants who use First Data's card processing services (DE 19 ¶ 2).  In connection with the provision of these merchant card processing services, First Data leases to merchants the card "swiping" machines these businesses use to accept and process credit card payments (*id.* ¶ 10).

Plaintiff William Fox, a self-described small business owner in Texas (*id.* ¶ 4), has brought a 50-state class action complaint challenging the leasing fees for the card "swiping" machines and the loss damage waiver ("LDW") fees which he agreed to pay in the event his business did not have insurance to cover the value of the "swiping" machines if they were stolen or destroyed (*id.* ¶¶ 11-38).  Plaintiff also challenges the "cancellation/early termination" fees

---

[1] The Background is based on the allegations in Plaintiff's Amended Complaint, which are taken as true solely for the limited purposes of this Motion to Dismiss.

some merchants pay if they end their lease early (*id.*), but Plaintiff does not claim he actually paid any such fees.  Plaintiff alleges the leasing and associated fees were not disclosed before he agreed to them, the leasing rates are inflated and unconscionable, and the method by which he agreed to sign up for the card processing services and equipment lease all violate the statutes of all fifty states prohibiting unfair and deceptive acts and practices, as well as the contract law of all fifty states (*id.*).

Based on these allegations, Plaintiff seeks to represent a putative nationwide class of all persons and entities who paid First Data to lease the card "swiping" machines and/or who paid the LDW fees (*id.* ¶¶ 39-42).  Plaintiff asserts three counts on behalf of himself and the putative class members: Count I – for breach of contract and breach of the covenant of good faith and fair dealing under the laws of the states where First Data does business (*id.* ¶¶ 54-73); Count II – for violation of all 50 states' statutes prohibiting unfair and deceptive acts and practices (*id.* ¶¶ 74-87); and Count III – for unjust enrichment (*id.* ¶¶ 88-91).

Plaintiff's initial complaint also asserted three additional counts, for conversion, violation of the federal Consumer Leasing Act, and violation of the federal Electronic Funds Transfer Act and implementing regulations (DE 1 ¶¶ 71-79, 84-102).  Plaintiff voluntarily dropped these counts after First Data moved to dismiss them (DE 14).  The parties then exchanged initial disclosures at which time Plaintiff provided copies of contractual documents which purportedly support his claims (attached hereto as **Exhibit A**).

Plaintiff's documents, however, contradict several key allegations of his breach of contract claim.  In particular, the agreements—which Plaintiff signed and initialed—demonstrate Plaintiff entered into the equipment lease agreement as part of a "bundled" deal he negotiated with his credit card processing services agreement; knew and agreed to the amount of the

2

monthly leasing fees; acknowledged receiving, reading and understanding the terms and conditions of the equipment lease agreement; and further understood that the lease is non-cancelable for the full term.  Additional contract documents show the LDW fees, terms and conditions were also disclosed to Plaintiff (attached as **Exhibits B & C**).  Because the contractual documents properly before this Court plainly negate the Amended Complaint's allegations, Plaintiff's recovery on his breach of contract claims is foreclosed as a matter of law, and Count I should be dismissed with prejudice.[2]

## ARGUMENT

To survive a motion to dismiss, a complaint must allege "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "Conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal."  *Jackson v. BellSouth Telecomms., Inc.*, 372 F.3d 1250, 1262 (11th Cir. 2004) (quotation omitted).  That is particularly true where, as here, documents referenced in the pleadings or properly before the court on a motion to dismiss show the allegations are false.  *See In re Fontainebleau Las Vegas Contract Litig.*, 716 F. Supp. 2d 1237, 1246 (S.D. Fla. 2010) ("Where there is a conflict between allegations in a pleading and the central documents, it is 'well-settled' that the contents of the documents control.") (citing *Griffin Indus., Inc. v. Irvin*, 496 F.3d 1189, 1205-06 (11th Cir. 2007) (Court's "duty to accept the facts

---

[2] Although Plaintiff failed to attach these documents to his Amended Complaint, they are properly before the Court on this Motion to Dismiss because he repeatedly references and relies on them.  *See, e.g.*, DE 19 at ¶ 32 (referencing Program Guide); ¶¶ 35-37, 54-73 (referencing merchant credit card processing services agreement and equipment lease agreement).  "Under established Eleventh Circuit precedent, a document attached to a motion to dismiss may be considered by the court without converting the motion into one for summary judgment if the attached document is: (1) central to the plaintiff's claim; and (2) undisputed."  *In re United States Sugar Corp. Litig.*, 669 F. Supp. 2d 1301, 1310 (S.D. Fla. 2009); *see also id.* at 1316 (same) (citing *Maxcess, Inc. v. Lucent Techs., Inc.*, 433 F.3d 1337, 1340 n.3 (11th Cir. 2005)).

in the complaint as true does not require [it] to ignore specific factual details of the pleading in favor of general or conclusory allegations.")); *Dimanche v. Lake Cty. Sheriff's Office*, No. 5:10-cv-377-Oc-10TBS, 2012 U.S. Dist. LEXIS 59665, at *3-5 n.1 (M.D. Fla. Apr. 30, 2012) ("Documents submitted by a defendant with a motion to dismiss, rather than the plaintiff with the complaint, may be considered by the Court if the plaintiff refers to those documents in the complaint and they are central to the Plaintiff's claims.  Moreover, if these documents contradict the general and conclusory allegations of the complaint, the documents govern. . . . Therefore, this Court may properly rely on the police report attached to [defendant's] motion to dismiss and dismissal is appropriate if the exhibit negates Plaintiff's claims."); *Raymond James & Assocs. v. Bank of N.Y. Trust Co., N.A.*, No. 8:07-CV-239-T-27TBM, 2008 U.S. Dist. LEXIS 70607, at *23, *7 n.4 (M.D. Fla. Sept. 18, 2008) (finding "dismissal is appropriate" because "Plaintiff's allegations  are contradicted by the express terms" of documents referenced in, but not attached to, amended complaint).   "Dismissal is therefore permitted when on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action."  *Katz v. JP Morgan Chase, N.A.*, No. 9:14-cv-80820-MIDDLEBROOKS, 2014 U.S. Dist. LEXIS 175013, at *3-4 (S.D. Fla. Oct. 7, 2014).

I.    **PLAINTIFF'S BREACH OF CONTRACT CLAIM THAT HE DIDN'T KNOW: (I) THERE WAS A LEASE; (II) THE LEASE IS NON-CANCELABLE; AND (III) THERE WAS A LDW FEE ARE <u>ALL</u> CONTRADICTED BY PLAINTIFF'S <u>CONTRACT DOCUMENTATION.</u>**

"Under New York law, a breach of contract claim cannot withstand a motion to dismiss if the express terms of the contract contradict plaintiff[s'] allegations of breach."   *In re Fontainebleau Las Vegas Contract Litig.*, 716 F. Supp. 2d at 1251 (citing New York cases).[3]

---

[3] Pursuant to the choice-of-law provision in the agreements (*see* **Exhibit A** at 11; **Exhibit B** at 45), New York law governs Plaintiff's breach of contract claim.  "In diversity cases, the choice-of-law rules of the forum state determine what law governs, and under Florida law, courts

"Thus, courts are not required to accept the allegations of the complaint as to how to construe the agreement at issue." *Id.*; *Broder v. Cablevision Sys. Corp.*, 418 F.3d 187, 196-97 (2d Cir. 2005) ("Insofar as the complaint relies on the terms of [defendant's] agreement, therefore, we need not accept [plaintiff's] description of those terms, but may look to the agreement itself.").

Plaintiff's central premise in Count I is that First Data breached the card processing services agreement by "inserting a hidden lease with separate terms regarding its credit card processing equipment" (DE 19 ¶ 57) and by "fail[ing] to disclose hidden fees," namely an equipment lease fee, an insurance/LDW fee, and a cancellation fee (*id.* ¶¶ 21, 25).

However, the contract documents—which are properly before the Court on this Motion—show the contrary.  The card processing agreement negates Plaintiff's claim that the leasing fee was "hidden" since it shows he negotiated the specific amount of the equipment leasing fee as part of an equipment/service bundle ("Equip/Svc Bundle") with his card processing services fees.  *See* **Exhibit A** at 2, 9.  Plaintiff also signed a "Confirmation Page" which provides, directly above his signature: "**By its signature below, Client acknowledges that it has received the Merchant Processing Application, Program Terms and Conditions [version Securus 1707(ia)] consisting of 52 pages [including this Confirmation Page and the applicable Third Party Agreement(s)].  Client further acknowledges reading and agreeing to all terms in the Program Terms and Conditions.**"  *Id.* at 8 (emphasis in original).  The Confirmation Page further explained: "**If you lease equipment from Processor**, it is important that you review Section 1 in Third Party Agreements. . . .  **THIS IS A NON-CANCELABLE LEASE FOR THE FULL TERM INDICATED**."  *Id.* (emphasis in original).

enforce choice-of-law provisions unless the law of the chosen forum contravenes strong public policy."  *Interface Kanner, LLC v. JPMorgan Chase Bank, N.A.*, 704 F.3d 927, 932 (11th Cir. 2013) (citations omitted).

Plaintiff also signed and initialed a "Delivery and Acknowledgment Form" certifying:

- "I have received a copy of my Equipment Lease Agreement"

- "I have read and understand the terms and conditions of the Equipment Lease Agreement"

- "I understand that this lease is NON-CANCELABLE for the full term"

- "My business lease payments will be automatically deducted from my designated business checking account on the same day each month during the term of the equipment lease."

*Id.* at 10. In addition to receiving the Merchant Services Program Terms and Conditions containing the Equipment Lease Agreement (*see* **Exhibit B** at 44), Plaintiff also received a welcome letter from First Data explaining that pursuant to the terms of the lease agreement, Plaintiff was required to insure the equipment covered by the lease (*see* **Exhibit C**). Contrary to Plaintiff's claims, the welcome letter also makes clear Plaintiff had the option to enroll instead in First Data's "Equipment Protection Program" which "waives the requirement for you to maintain insurance on your leased equipment" (*id.* at 3) and disclosed that First Data "offers coverage for you starting as low as $4.95 a month, fixed for the term of your lease" (*id.* at 1).

Where, as here, the contract documents show Plaintiff's contract allegations are incorrect, the Court need not accept those allegations, and the contract claims should be dismissed. *See Broder*, 418 F.3d at 196-97 (noting that "[t]he contract language relied upon in [Plaintiff's] breach-of-contract claims, as it exists in the actual customer agreement, differs from the language alleged in the complaint" and holding that "[t]his difference is fatal to [Plaintiff's] breach-of-contract claims"); *Stokes v. Lusker*, No. 08-civ-3667 (CM), 2009 U.S. Dist. LEXIS 23471, at *20 (S.D.N.Y. Mar. 4, 2009) (granting motion to dismiss breach of contract claim because "the plain language of the Contract expressly forecloses such a claim"); *MS Fed. Acquisition, LLC v. U.S. Bank Nat'l Ass'n*, No. 14-CV-7794-LTS, 2015 U.S. Dist. LEXIS 95152,

at *11 (S.D.N.Y. July 21, 2015) (dismissing breach of contract claim because plaintiff's allegation was "plainly inconsistent with the unambiguous language of the Security Agreements and fails to state a claim").

Plaintiff's breach of contract claim is foreclosed by the agreements, which fully explained the terms and conditions of the lease and contain the very information that Plaintiff alleges was misrepresented, suppressed, or concealed.  In short, this is not a case about "hidden" lease fees and "secretive" leasing practices.  Rather, "[t]his action is a reminder of the adage that people who accept an offer assume the risk of unread terms that may prove unwelcome." *Dollar Phone Corp. v. Dun & Bradstreet Corp.*, 936 F. Supp. 2d 209, 210 (E.D.N.Y. 2013), *aff'd*, 2014 U.S. App. LEXIS 5103 (2d Cir. 2014).

## II.     PLAINTIFF'S "UNCONSCIONABILITY" CLAIM FAILS BECAUSE IT CANNOT BE USED TO SEEK AFFIRMATIVE RELIEF.

Plaintiff also alleges he has suffered damages because the "contracts contain unconscionable provisions" including leases that require the merchants "to pay wildly inflated rental fees for credit card processing terminals and inflated early termination fees"  ((DE 19 ¶ 19); *id.* ¶ 22 ("The leases offered by Defendant are exorbitantly inflated and unconscionable.")).

However, "[u]nder New York law, unconscionability is an affirmative defense to the enforcement of a contract," and a "cause of action for unconscionability may not be used to seek affirmative relief." *Colonial Funding Network, Inc. v. Epazz, Inc.*, 252 F. Supp. 3d 274 (S.D.N.Y. 2017).  Accordingly, Plaintiff's "unconscionability" allegations fail to state a cause of action as a matter of law and should be dismissed. *See Costoso v. Bank of Am., N.A.*, 74 F. Supp. 3d 558, 573 (E.D.N.Y. 2015) (holding that "the Plaintiff's attempt to convert the doctrine of unconscionability into an affirmative claim for relief must be rejected" and dismissing breach of

contract claim, "whether based on substantive or procedural unconscionability grounds"); *Fortune Limousine Serv., Inc. v. Nextel Comms.*, 826 N.Y.S.2d 392, 396 (N.Y. App. Div. 2d 2006) ("The third cause of action seeking affirmative relief on the ground of unconscionable contract terms must also be dismissed as the doctrine of unconscionability is to be used as a shield, not a sword, and may not be used as a basis for affirmative recovery.").

Moreover, the Amended Complaint itself acknowledges that Plaintiff could have determined the cost of the leased equipment as easily as going to "office supply stores like Office Depot and Staples, and numerous online retailers" (DE 19 ¶ 30). Under New York law, "[w]here the facts represented are not matters peculiarly within the party's knowledge, and the other party has the means available to him of knowing, by the exercise of ordinary intelligence, the truth, or the real quality of the subject of the representation, he must make use of those means, or he will not be heard to complain that he was induced to enter into the transaction by misrepresentations." *Woodruff v. Sysco Corp.*, No. 13-CV-00458(A)(M), 2014 U.S. Dist. LEXIS 59493, at *8-9 (W.D.N.Y. Mar. 31, 2014); *Jordache Enters., Inc. v. Gettinger Assocs.*, 575 N.Y.S.2d 58, 59 (N.Y. App. Div. 1st 1991) (applying this principle and affirming dismissal of complaint seeking to rescind lease agreement where the information was "not within the exclusive knowledge of the defendant"). Therefore, "Plaintiffs' decision not to inquire as to the terms and conditions is one by which they are bound." *Dollar Phone*, 936 F. Supp. 2d at 215.

## III.   PLAINTIFF'S IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING CLAIM SHOULD BE DISMISSED BECAUSE IT IS DUPLICATIVE OF HIS BREACH OF CONTRACT CLAIM.

Plaintiff's claim for breach of the implied covenant plainly rests on the same alleged conduct that is the subject of his breach of contract claim. *Compare, e.g.*, DE 19 at ¶ 60 ("Defendant breached the agreement by force-placing unnecessary and excessively-priced insurance on Plaintiffs' and the Classes' accounts.") *with* ¶ 65 ("Defendant breached the duty of

good faith and fair dealing by force-placing unnecessary and excessively-priced insurance on Plaintiffs' equipment for profit."); ¶ 70 ("Defendant violated the covenant of good faith and fair dealing because the equipment lease fees, insurance LDW fees, and/or cancellation fees were exorbitant.").

Where, as here, "Plaintiffs' claim for breach of the implied duty of good faith and fair dealing arises from the same facts as their breach of contract claim" it should be "dismissed as duplicative of the breach of contract claim." *MS Fed. Acquisition*, 2015 U.S. Dist. LEXIS 95152, at *17-18; *see also In re Fontainebleau Las Vegas Contract Litig.*, 716 F. Supp. 2d at 1255 ("[I]t is equally settled that New York law does not recognize a separate cause of action for breach of the implied covenant of good faith and fair dealing when a breach of contract claim, based upon the same facts, is also pled"); *Costoso*, 74 F. Supp. 3d at 573 (finding that "the claim for breach of the covenant of good faith and fair dealing is duplicative of the breach of contract claim" because "the alleged underlying facts and conduct supporting the breach of contract claim . . . underlies the Plaintiff's claim for breach of the covenant of good faith and fair dealing").

## IV.   FIRST DATA IS NOT REQUIRED TO ANSWER THE REMAINING COUNTS IN THE AMENDED COMPLAINT WHILE THIS MOTION IS PENDING.

It is well-established that a pending Rule 12(b)(6) motion to dismiss—even one that only addresses some of a plaintiff's claims—tolls the time for a defendant to answer the complaint. "Multiple courts, including this Court, have held that a party need not file an answer as to the unchallenged claims while a partial motion to dismiss the challenged claims is pending." *Taylor v. Pekerol*, No. 5:14-cv-96-RH-GRJ, 2016 U.S. Dist. LEXIS 187202, at *3-4 (N.D. Fla. Mar. 10, 2016) (denying plaintiff's motion for default and explaining that "Plaintiff is incorrect that the filing of a motion to dismiss as to some but not all of the counts requires a defendant to respond to the unchallenged counts.  Serving a motion to dismiss under Rule 12 extends the party's time

to answer."); *see also Wrubel v. Safeco Ins. Co.*, No. 17-cv-80253, 2017 U.S. Dist. LEXIS 114251, at *3 (S.D. Fla. July 20, 2017) ("[A] motion to dismiss extends the time to answer until after the Court has ruled on the motion."); *Ferk v. Mitchell*, No. 14-cv-21916-KING, 2014 U.S. Dist. LEXIS 177885, at *1-2 n.1 (S.D. Fla. Dec. 29, 2014) (noting that the defendant elected to wait until the court ruled on the partial motion to dismiss before responding to the remaining counts) (citing *Beaulieu v. Bd. of Trustees of Univ. of West Florida*, Case No. 3:07-cv-30, 2007 U.S. Dist. LEXIS 98749 (N.D. Fla. July 9, 2007) (collecting cases examining Rule 12(a)(4) and Rule 12(b)(6) and concluding that "a party need not file an answer while a partial motion to dismiss is pending," and "Defendant's motion to dismiss, therefore, automatically extends its time to answer under Rule 12(a)(4) until after the Court has ruled on Defendant's motion to dismiss.")); *Cuyler v. Kroger Co.*, No. 1:14-CV-1287-WBH-AJB, 2014 U.S. Dist. LEXIS 190234, at *15 (N.D. Ga. Oct. 2, 2014) ("[B]ecause a partial motion to dismiss has been pending in this matter, it has been unnecessary for Defendant to answer the unchallenged claims.").

Accordingly, First Data does not file concurrently herewith any responsive pleading addressing the allegations contained in Counts II and III of Plaintiffs' Amended Complaint, nor does it assert its Affirmative Defenses. First Data will timely file its response to the counts once this Court rules upon the instant Motion to Dismiss.

## CONCLUSION

For the foregoing reasons, Defendant First Data Merchant Services, LLC respectfully requests that the Court enter an order dismissing Count I of the Amended Complaint with prejudice.

Dated:  November  2  , 2017                    Respectfully submitted,

                                               WHITE & CASE LLP
                                               Southeast Financial Center
                                               200 South Biscayne Boulevard, Suite 4900
                                               Miami, Florida 33131-2352
                                               Telephone: (305) 371-2700
                                               Facsimile: (305) 358-5744

                                               By:   *s/ Jaime A. Bianchi*
                                                     Jaime A. Bianchi
                                                     Florida Bar No. 908533
                                                     jbianchi@whitecase.com

                                                     James N. Robinson
                                                     Florida Bar No. 0608858
                                                     jrobinson@whitecase.com

                                                     Sheldon A. Philp
                                                     Florida Bar No. 020123
                                                     sphilp@whitecase.com

                                               *Counsel for Defendant*
                                               *First Data Merchant Services, LLC*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on November  2  , 2017, I electronically filed the foregoing with the Clerk of the Court using the Court's CM/ECF system, which will send a notice of electronic filing to all counsel of record.

                                               By:   *s/ Sheldon A. Philp*
                                                     Sheldon A. Philp